UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

**UNITED STATES**,

v.

**PETER COKER, SR. (2) and
PETER COKER, JR. (3)**,

*Defendants*.

No. 22-cr-00643-2, 3

**ORDER TO SHOW CAUSE**

---

**THIS MATTER** having come before the Court by way of the Parties' December 4, 2025 joint status report, (ECF No. 170), submitted in response to the Court's November 21, 2025 Order as to Defendants' failure to pay restitution as ordered by the Court on August 11, 2025. (ECF No. 169; *see also* ECF Nos. 160, 162); and

**WHEREAS,** as set forth in the Restitution Orders, Defendant Coker Sr. was required to pay $2,500,000 within 30 days of entry of the Order, (ECF No. 160), and Defendant Coker Jr. was required to pay $1,500,000 within 30 days of entry of the Order.[1] (ECF No. 162); and

**WHEREAS,** despite these clear and express terms of the Order, the December 4, 2025 status report reflects that Defendant Coker Sr. has paid only $51,000 and Defendant Coker Jr. has paid only $179,849.59. (ECF No. 170); and

---

[1] Defendants were also ordered to pay $5,561,208.31 in restitution immediately. However, the Restitution Orders further provided that if the Defendants participated in the Inmate Financial Responsibility Program, then then "the restitution shall be paid from those funds at a rate equivalent to $100 every 3 months. In the event the entire restitution is not paid prior to the commencement of supervision, the defendant shall satisfy the amount due in monthly installments of no less than $1,000.00, to commence 30 days after release from confinement." (ECF Nos. 160, 162).

**WHEREAS,** on the present record, it appears that both Defendants have failed to comply with the clear terms of the Court's Restitution Orders, and that such noncompliance may be willful, as contemplated by 18 U.S.C. § 3614(b). The Court therefore finds good cause to require Defendants to show cause why they should not be held in civil and/or criminal contempt; therefore

**IT IS** on this 15th day of December, 2025,

**ORDERED** that Defendants shall submit a memorandum not exceeding ten (10) pages by December 20, 2025 addressing why they should not be held in civil contempt, criminal contempt, or both, for failure to make the restitution payments expressly required by the Restitution Orders; and it is further

**ORDERED** that Defendants shall each submit sworn statements by December 20, 2025 that include: (1) a detailed explanation as to why Defendant failed to make the full lump-sum payment ordered within 30 days; (2) a complete accounting of all assets held at any point from the date of sentencing to the present, including assets transferred, dissipated, encumbered, or placed beyond the reach of enforcement; (3) a declaration of Defendant's current financial condition and ability to comply with the Court's Orders; and (4) any legal or factual basis the Defendant contends excuses his noncompliance; and it is further

**ORDERED** that Defendants shall appear in person before the Honorable Christine P. O'Hearn, United States District Judge, on December 22, 2025 at 2:00 P.M. in Courtroom 5A to show cause as to why Defendants should not be held in civil and/or criminal contempt. Given Defendants' conduct, which as noted by the Court in its prior Order, appears to be willful and for the purpose of evasion and/or dissipation of assets, no requests for adjournments or extensions shall be granted absent truly extraordinary circumstances; and it is finally

**ORDERED** that Defendants are on notice that failure to comply with this Order may result

in coercive civil-contempt sanctions; compensatory sanctions; initiation of criminal-contempt proceedings under Federal Rule of Criminal Procedure 42; referral for prosecution under 18 U.S.C. §§ 3612(c), 3613A, and 3614; and any other enforcement action available under law. The Court expressly reserves the right to take all appropriate action within its authority to enforce its Orders and ensure that restitution is paid promptly and in full.

*Christine A. O'Hearn*
**CHRISTINE P. O'HEARN**
**United States District Judge**