**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

UNITED STATES OF AMERICA

v.

PETER COKER, SR.

Criminal No. 22-cr-643-2 (CPO)

**ORDER**

**THIS MATTER** comes before the Court upon its previously issued Order to Show Cause, (ECF No. 171), regarding Defendant Peter Coker, Sr.'s ("Defendant") failure to pay restitution in the amount of $5,561,208.31 and a fine in the amount of $500,000.00 as ordered by the Court, (ECF Nos. 169, 160,[1] 142[2]). The Court has reviewed the parties' proposal dated January 16, 2026, and such proposal is hereby **REJECTED**.

The parties are hereby given notice that at the **April 8, 2026** hearing, the Court intends to proceed as follows:

(1)    A contempt hearing pursuant to Federal Rule of Criminal Procedure 42. By **April 7, 2026**, the parties shall each provide the Court with a letter stating their respective positions as to whether, given the Government's position on this issue to date, the interests of justice require the Court to appoint an attorney to prosecute the contempt pursuant to Rule 42(a)(2); and

(2)    A hearing to determine if, pursuant to 18 U.S.C. § 3614, the Court should resentence

---

[1]  The Amended Judgment and Order of Restitution also ordered Defendant to pay $2,500,000.00 within 30 days of the restitution order. (ECF No. 160).

[2]  The Amended Judgment of Conviction as to Peter Coker, Sr. also ordered Defendant to "pay a fine of $500,000.00. This fine, plus any interest pursuant to 18 U.S.C. § 3612(f)(1), is due immediately and shall be paid in full within 30 days of sentencing." (ECF No. 142).

Defendant for knowingly failing to pay the restitution and fine ordered by the Court to "any sentence which might originally have been imposed;" and

(3)    A violation of supervised release hearing to determine whether Defendant's failure to pay restitution and fines as ordered by the Court constitutes a violation of his supervised release conditions and, if so, the appropriate remedy.

The Court further finds that, pursuant to 18 U.S.C. § 3613(c), a lien in favor of the United States arose upon entry of the criminal judgment against Defendant on all property and rights to property belonging to Defendant, including but not limited to real property identified in the Presentence Investigation Report ("PSR"); and perfection of said lien against third parties requires filing of a notice of lien in according with the rules and requirements applicable to notices of tax lien under the Internal Revenue Code, including the state and local offices designated under the applicable state law to receive such filings; and that the prompt perfection is necessary to protect the interests of the United States and victims entitled to restitution against the risk of transfer, encumbrance, or dissipation of Defendant's assets.

Therefore, **IT IS** on this 2nd day of April, 2026,

**ORDERED** that the United States Probation Office for the District of New Jersey shall prepare a report as to whether Defendant is in violation of his supervised release conditions and, if so, the appropriate guideline range under the sentencing guidelines for such violation(s); and it is further

**ORDERED** that until the issues regarding Defendant's failure to pay the restitution and fine as ordered by the Court is resolved, **this Order shall act, to the greatest extent allowable by law, as a lien on any and all assets of any kind of Peter Coker, Sr. as identified in the PSR**

**of the United States Probation Office in this matter;**[3] and it is further

**ORDERED** that Defendant shall, within two (2) days of the date of this Order, provide to the United States Attorney's Office for the District of New Jersey ("USAO") a sworn written statement identifying all real property, personal property, and other property interests in which Defendant holds a legal or beneficial interest, including the address, county, and state of each such property, and the nature of Defendant's interest therein. Said statement shall be provided under penalty of perjury pursuant to 28 U.S.C. § 1746; and it is further

**ORDERED** that the USAO, through its Financial Litigation Unit or other designee, shall file a notice of lien pursuant to § 3613 on all property and rights of Defendant, including but not limited to the assets identified in the PSR, and any after-acquired property or property interests not yet identified; and it is further

**ORDERED** that said notice of lien shall be registered, recorded, docketed, or indexed in accordance with the rules and requirements relating to judgments of the courts of the State in which Defendant resides and/or in which Defendant's property or rights to property are situated, including all applicable county recording offices, registers of deeds, and any other state or local office designated under applicable state law to received federal tax lien filings; and it is finally

**ORDERED** that the USAO shall file an affidavit no later than April 18, 2026 stating that they have complied with these requirements.

**CHRISTINE P. O'HEARN**
**United States District Judge**

---

[3] Nothing in this Order shall be construed to limit the Government's independent authority to enforce the judgment lien pursuant to § 3613 or any other applicable provision of law, nor shall it be construed as an exhaustive identification of all property subject to the lien arising by operation of law upon entry of the criminal judgment.