# AGNIFILO
# INTRATER

April 3, 2026

**<u>VIA ECF</u>**
Hon. Christine P. O'Hearn, U.S.D.J.
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Street
Camden, NJ 08101

   Re:  *United States v. Peter Coker, Sr.,* No. 22-CR-643 (CPO)

Dear Judge O'Hearn:

   We write in response to the Court's April 2, 2026, order (the "Order"). The Order, as written, presents issues of grave legal consequence for Mr. Coker—prosecution for contempt, resentencing, and prosecution for violation of supervised release—that we cannot responsibly address in two days, over Passover. The compressed timeline not only prejudices Mr. Coker's ability to respond completely and accurately, but also implicates complex legal questions regarding the Court's authority to direct restitution enforcement in the manner contemplated by the Order, an issue that we intend to address in our letter opposing a Court-appointed prosecutor and in a motion to recuse the Court from this matter.

   To ensure that Mr. Coker's constitutional rights are fully protected and that he receives effective assistance of counsel, we request the following: (1) a seven-day extension of the time for Mr. Coker to file a sworn statement identifying all real property, personal property, and other property interests in which Mr. Coker holds a legal or beneficial interest, (2) a three-day extension of time to file the letter regarding our position on whether the Court should appoint an attorney to prosecute contempt, and (3) an adjournment of the April 8, 2026 hearing. We have conferred with the Government and they consent to each of these requests.

   To begin, multiple aspects of the Order are illegal. For instance, the Court orders Mr. Coker to complete a sworn statement identifying all property in which he has a legal and beneficial interest and threatens contempt proceedings if the restitution arrangements agreed by the parties are not to the Court's liking. We note that Mr. Coker already filled out the asset form provided by the Government and filed a financial disclosure form on January 16, 2026. The parties filed a joint proposal for payment of the remainder of restitution. The Court, substituting its judgment for the Government's, rejected this joint proposal. And now, the Court has threatened that if the Government refuses to enforce the restitution order the way the Court wants, the Court will hire its own prosecutor to do its bidding—an action that, in the defense's experience, is unprecedented in the Third Circuit. This is plainly at odds with separation-of-powers principles. *See Donziger v. United States*, 598 U.S. ___, 143 S. Ct. 868 (2023) (Gorsuch, J., dissenting from denial of cert.) (district court's appointment of a prosecutor unconstitutionally "allowed the district court to assume the 'dual position as accuser and decisionmaker'—a combination that 'violates the due process' rights of the accused" (quoting *Williams v. Pennsylvania*, 579 U.S. 1, 9 (2016) (cleaned up)).

1

# AGNIFILO
# INTRATER

---

In addition, the Order also requires the Government to take illegal actions against Mr. Coker. It orders the Government to place a lien on any and all assets of Mr. Coker and record such lien by April 18, 2026. But this would require the Government to violate the Federal Debt Collection Procedures Act, which requires the Government to demand the property it wishes to garnish and certify that 30 days has lapsed when applying for a writ of garnishment. 28 U.S.C. § 3205(b)(1)(B). The illegality of this hasty Order, combined with the unreasonable timeframe in which the Court has set its deadlines—not to mention the prior history of this case—demonstrates that the Court's impartiality has been compromised. The defense believes this requires the Court's recusal, and will be filing a motion to recuse.

Turning to scheduling, Mr. Intrater is currently out of the country with his family and is supposed to be offline for Passover, one of the holiest Jewish holidays, until the evening of Saturday, April 4, 2026. Because Mr. Intrater has handled this case, the undersigned are not up to speed on issues related to Mr. Coker's restitution. Mr. Agnifilo has not been involved in any aspect of the case related to sentencing, and Ms. Manzi has not participated in most conversations with Mr. Coker or Government counsel related to restitution.[1]

We understand the gravity of the Court's Order and have already begun to work on complying with the Order. However, given the complexity of the legal issues, the need to confer with Mr. Coker and Government counsel, and Mr. Intrater's absence, we do not believe we will be able to comply by the Court's deadlines. We also do not believe we can provide Mr. Coker with effective assistance of counsel within two days.

Therefore we require a seven-day extension of the time to file Mr. Coker's sworn statement so that Mr. Intrater may confer with and counsel Mr. Coker.[2] With contempt hanging over Mr. Coker's head, he should not be required to make a statement under penalty of perjury—which could be used against him in any contempt prosecution—in just two days. In addition, a sworn statement requiring Mr. Coker to identify all property in which he holds a legal or beneficial interest requires counsel to research North Carolina and federal property law. Property law is not counsel's area of practice and will require sufficient time to investigate.

Second, a three-day extension of time to file a letter regarding whether the Court should appoint an attorney to prosecute contempt is necessary so that the Government has time to form a position and inform us of that position. If the Government decides to prosecute Mr. Coker for contempt, our position on whether the Court should appoint independent prosecutor would be moot. If the Government declines to prosecute, Mr. Intrater requires sufficient time to prepare argument opposing appointment of an independent prosecutor, which involves complex constitutional doctrine. *See generally Donziger*, 43 S. Ct. 868.

Finally, the hearing currently scheduled for April 8, 2026, should be adjourned until after Mr. Coker has submitted his sworn statement and counsel has filed its letter opposing a Court-appointed prosecutor and motion to recuse.

---

[1] The undersigned both celebrate Easter, which is this Sunday, April 5, 2026, after Mr. Intrater comes back online.

[2] We note that the sworn statement is currently due during Passover.

2

# AGNIFILO
# INTRATER

We have spoken with Government counsel and, as noted, they consent to our request for an extension of the Order's deadlines.

Respectfully submitted,

Marc Agnifilo
Daniela Manzi

cc:    Counsel for the Government (via ECF)

3